IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Christople Davis,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | 23 C 6556 |
| v. ) | |
| ) | Judge Tharp, Jr. |
| **Cook County Sheriff Officer** ) | |
| **Cagbabuana, Cook County Sheriff** ) | |
| **Thomas Dart, County of Cook, and** ) | |
| **Office of the Cook County Sheriff,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants, through his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, by her Assistant State's Attorney Johnnetta Byers and answers Plaintiff's Complaint as follows:

1.  Plaintiff Christople L. Davis was confined in the Cook County Department of Correction-CCJ in the city of Chicago, in the State of Illinois on July 20, 2023 as a pretrial detainee. Plaintiff is currently a pretrial detainee confined at CCJ for the same offense.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant admits that Plaintiff was confined in the Cook County Department of Corrections on July 20, 2023 Defendant denies the remaining allegations in this paragraph.**

2.  Defendant, Cagbabuana, was at relevant times an officer employed by the Office of the Cook County Sheriff. He is sued in his individual and official capacities.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in the above paragraph.**

3. Defendant, Cook County Sheriff Thomas Dart is the currently elected Sheriff of Cook County. Defendant Dart is the final policymaker for the practices, and customs of the Cook County Sheriff Dept and is responsible for training, supervision and discipline of Cook County Sheriffs Dept employees. Defendant Dart is named as a party in his official capacity. He is sued in his individual and official capacities.

**ANSWER: Defendant contends that because it joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant admits that Sheriff Thomas Dart is the elected sheriff of Cook County. Defendant denies the remaining allegations in the above paragraph.**

4. Defendant, County of Cook is a municipal corporation organized, existing and doing business under the laws of the State of Illinois. Defendant County of Cook is named as a party pursuant to the indemnification requirements of 745 ILCS 10/9-102.

**ANSWER: Defendant contends that because it joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant admits only the Plaintiff purports to sue Cook County pursuant to 745 ILCS 10/9-102.**

5.	Defendant, Office of the Cook County Sheriff is responsible by laws for maintain he custody, safety and well being of individuals committed to the Cook County Jail.

**ANSWER: Defendant contends that because it joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant denies the allegation in the above paragraph.**

6.	This action arises under the constitutional of the United States, under the laws of the United States, and under the law of the State of Illinois.

**ANSWER: Defendant contends that because it joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant denies the allegation in the above paragraph.**

7.	The jurisdiction of this court is invoked under the provisions of 28 USC Sections 1331 and 1343.  Plaintiff also invoked the supplemental jurisdiction of this court pursuant to 28 USC Section 1367.

**ANSWER: Defendant contends that because it joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant denies the allegation in the above paragraph.**

8. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 USC Section 1391(b)(2) as the events complained of occurred within this district.

**ANSWER: Defendant contends that because it joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant denies the allegation in the above paragraph.**

**Previous Lawsuits by Plaintiff**

9. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in the above paragraph.**

**Statement of Claim**

10. At all relevant times herein, Defendants were "person" for purposed of 42 USC Section 1983 and acted under color of law to deprive plaintiffs of his constitutional rights, as set forth more fully below.

**ANSWER: Defendant contends that because it joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is**

required. Insofar as an answer may be required, Defendant denies the allegation in the above paragraph.

**Statement of Facts**

11.     On July 20, 2023 Defendants Cook County Sheriff Thomas Dart and his predecessors and Defendant, Office of the Cook County Sheriff, and have been on notice for years that inmates have been regularly subjected to inappropriate and excessive force failure to protect, and negligent prior to July 20,2023 an investigation by the investigation by United States Department of Justice resulted in a consent decree requiring that inmates such as plaintiff Davis be protected from excessive force, failure to protect, negligents and abuse. Defendants Cook County Sheriff Thomas Dart and Defendant Office of the Cook County Sheriff are responsible for ensuring that inmates as Plaintiff Davis are not subjected to excessive force, failure to protect, negligent and abuse through enforcement of policies and procedures implemented in the Cook County Jail.

**ANSWER: Defendant contends that because it joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant denies the allegation in the above paragraph.**

12.     On July 20, 2023 Plaintiff Davis, was in the custody of the Cook county Sheriff at the CCJ in Chicago, Illinois.

**ANSWER: Defendant contends that because it is joined in this action pursuant to**

**Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant admits that Plaintiff was confined in the Cook County Department of Corrections on July 20, 2023 Defendant denies the remaining allegations in this paragraph.**

13. Plaintiff was living in cell #2082 tier 2G Div 9 with his cellmate Irell Dickens(Dicken) Defendant, Officer Cagbabuana came to plaintiff cell at around 6:00 pm then handcuffed plaintiff and escorted right outside tier 2G door that lead into hallway so he could take his medications.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in the above paragraph.**

14. Plaintiff was then escorted back to his cell #2082 Tier 2G by Defendant Cagbabuana. Once Plaintiff was inside his cell Defendant Cagbabuana refused to take plaintiff handcuffs off leaving him unsecured an unprotected locked in a cell. Plaintiff began banging on the cell door telling Defendant Cagbabuana to please remove his handcuffs because ehe feels unsafe being in a cell with another inmate he barely knows while being the only individual handcuffed.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is**

Case: 1:23-cv-06556 Document #: 30 Filed: 06/20/24 Page 7 of 16 PageID #:115

required. Insofar as an answer may be required, Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in the above paragraph.

15. Div 9 is a maximum Division and plaintiff was scared and terrified of being, harmed, tortured, killed or raped by being left handcuffed inside a cell with a cellmate who is charged for murder and has been in custody of six (6) years. The physical plant and environmental conditions the Jail should "Be adequate to protect and promote the health and safety of detainees.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in the above paragraph.**

16. Defendant, Cagbabuana acted maliciously and sadistically and with evil motive and intent by not coming back to Plaintiff cell and removing his handcuff after Plaintiff notified him, failing a breach of duty to protect. Defendant Cagbabuana was negligent under the state tort law.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in the above**

paragraph.

17. This condition deprived plaintiff of life necessities, basic human needs medical care and reasonable safety. Plaintiff suffered psychological torture and cruel and unusual punishment. The handcuffs had tighten around both Plaintiff wirsts which tore skin, his hands became swollen he could not take a bowel movement, could not take off his shirt due to the fact it's very hot in his cell, suffered excruciating pain which he had to sleep in such very bad condition which caused shoulder pain, arm pain, hand and wrist pain, lower back pain and neck pain.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in the above paragraph.**

18. Plaintiff movement was restricted that his muscles are allowed to waste and his health is threatened by being handcuffed and mentally and physically tortured for prolong period of time from July 20, 2023 at around 6:00 p.m. until July 21, 2023 at around 8:45am.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in the above paragraph.**

19.     On July 21, 2023 Plaintiff, awaken from his sleep when he heard officers Bastrzyk and Stainsenski who was assign to Div 9-Tier2G working 7am-3pm shift at around 8:4am which plaintiff notified officer and told them what happen and that he was handcuffed inside his cell.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in the above paragraph.**

20.     Officer Bastrzyk and Stainsenski then took plaintiff out into the hallway area right outside Tier2G and removed the handcuffs from Plaintiff.  Sergeant Franzo was called and came to do an incident report and also a video complaint with his body camera of Plaintiff statement.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in the above paragraph.**

21.     Plaintiff was then sent to Cermak Health Services to be treated for his injuries were he had x-rays taken of both wrist/hands due to the swelling and excruciating pain, and

despite the severity of his injuries and pain in his wrists/hands he suffered shoulders, lower back, chest, neck and arm pain which he informed doctor at Cermak Health Services (CHS) Only one Tylenol were administered to him after hours of suffering cruel and unusual punishment created by Defendant Cagbabuana. Crème was provided for the cuts and scares around his wrists.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in the above paragraph.**

22. That as a direct and proximate result of the aforesaid excessive force, failure to protect, negilgents and abuse acts or omission of the Defendant, Cagbabhuana by intentionally leaving plaintiff handcuffed in a cell from around 6:00 p.m. on July 20, 2023 until around 8:45 am on July 21, 2023 and as a consequence thereof, the Plaintiff sustained severe bodily injuries both internally and externally, physical-emotional and psychological damage and other permanent and continually grave and serious injuries to the body, that Plaintiff has suffered and may in the future suffer great pain and anguish and has had a loss of normal life. Plaintiff is traumatized and had been speaken wit an mental health specialist (MHS) because he is metanlly, emotionally and physically traumatized of chains, been having nightmares and get nervous and scared when he hears officers key and chains by his door.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is**

**required. Insofar as an answer may be required, Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in the above paragraph.**

**Relief**

WHEREFORE, Plaintiff, Christophe L. Davis prays for a judgment against Defendant, Officer Cagbabuana, an amount more than $500,000.00 in his individual capacities and $1,000,000 in his official capacities plus punitive damages and additionally costs of said suit.

Defendant Thomas Dart is the final policymaker for the policies, practices and customs – including any all "gaps" in policy of the Cook county Sheriffs Dart.

The gap in policy is a direct cause and the moving force behind plaintiff being handcuffed inside hi cell for numerous hours when Cook County Sheriff had no legal basis to hold plaintiff continued in such abusive manner.

As a result of this gap in policy plaintiff was harmed.

WHEREFORE, Plaintiff Davis prays for a judgment against Defendant Dart an amount more than $500,000.00 in his individual capacities and $1,000,000 in his official capacities plus punitive damages, attorneys fees, cost and any other relief that is just.

Pursuant to 745 ILCS 10/9 Cook county is empowered and directed to pay any judgment for compensatory damages and any attorneys fees and costs should the Cook County Sheriff and/or deputies acting within the scope of his or her employment are found liable.

WHEREFORE, in the event that a judgment for damages is entered against any of the Defendants, Defendant. Cook county must pay the judgment as well as the associated attorneys fees and costs.

WHEREFORE, Plaintiff, prays for a judgment against the defendant Officer Cagbabuana, Defendant Thomas Dart and Defendant Office of the Cook county Sheriff, in excess of two million dollars $2,000,0000.00 (jointly) in compensatory and punitive damages, plus attorney fees and costs pursuant to appropriate civil rights and other statutues and court rules.

Plaintiff also request this Honorable Court to enter an order granting him an immediate temporary restraining order against Defendant Cagbabuana to prevent retailitation and to get him adequate medical attention and an order granting a preliminary injunction enjoining the defendant nurses, doctor, sheriffs and CRW/Social worker and any of their successors in office, agents and employees and all other persons in concert and participating with them from:

A) Conspiring in any form to retaliate against unrepresented plaintiff, for seeking redress in this court for their actions or inactions, or future action or inaction that violates his rights.

B) Destroying, ignoring, mishandling plaintiff CHR and grievances

C) Not reporting unlawful misconduct of CCJ staff members or co-workers

D) Not reporting immediately when notified of non-visible, serious injuries and complaints of pain and suffering

E) Physically and mentally assaulting detainees unlawfully, maliciously sadistically and without justification and failing to do any report of said incident to cover it up.

F) CRW not visiting tier for long period of time running out of deadlines to file grievance, not furnishing grievances, not processing them, forwarding them to wrong

    places not helping detainees with grievance, not providing trust fund balances, conspiring with other staff to cover up and violate detainee rights.

G) Denying detainee access to the court, or interfering with their access to the courts

H) Aggravating plaintiff complained of pain and injuries by persisting with simple Tylenol or Ibuprofen.

I) Threatening Plaintiff with future beating and then carrying out the assault on a later date

J) Defendant coming within 1,000 feet of unrepresented plaintiff, or working exact same floor in the same tower as plaintiff, from handling any of plaintiff mail or legal mail, commissary form, visiting forms or food trays or any of his personal property, legal work or material delivered from law library etc.

**ANSWER: Defendant contends that because it is joined in this action pursuant to Carver v. Sheriff of LaSalle County for indemnification purposes only, no answer is required. Insofar as an answer may be required, Defendant denies that Plaintiff is entitled to any relief.**

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's Amended Complaint, Defendant Cook County alleges the following separate affirmative defenses against Plaintiff:

### I.
### 42 U.S.C. §1997e(a)

1. Under Section 1997e(a) of the Prisoner Litigation Reform Act (PLRA), Plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages.

2. Plaintiff has not exhausted his administrative remedies.

## II.
## 42 U.S.C. §1997e(e)

3. Plaintiff has requested compensatory damages but did not say whether that included mental distress.

4. Section 1997e(e) of the PLRA provides:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code).

5. Plaintiff cannot show physical injury and, as a result, under Section 1997e(e) of the PLRA, cannot seek damages for any alleged mental distress.

## III.
## Failure to Mitigate

6. Without waiving their denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendant, the claims are barred to the extent Plaintiff failed to act reasonably to mitigate his damages.

7. To the extent Plaintiff has failed to mitigate his damages, any award of damages may be reduced by the amount by reason of said failure to mitigate.

## IV.
## Statute of Limitations

8. Civil rights actions have a two-year statute of limitations from the date of accrual.

9. A claim accrues on the date of injury or when the Plaintiff reasonable learns of his injury.

10. Plaintiff filed his claims after the two-year statute of limitations.

11. Plaintiff's claims should be dismissed because they are time barred.

## V.
## Release

12. Plaintiff has filed previous lawsuit(s), in which some of those claims have settled.

13. Those settlement agreement(s) contained a general release provision. *See*, Exhibit A attached.

14. Defendant Cook County incorporates Plaintiff's settlement agreement(s) as part of its Affirmative Defenses in Defendant Cook County's Answer to Plaintiff's Amended Complaint.

15. Therefore, Plaintiff released any claims arising prior to the execution of the settlement agreements.

## JURY DEMAND

Defendants respectfully request a trial by jury.

WHEREFORE, Defendant Cook County respectfully request that this Honorable Court enter an order: (a) dismissing Plaintiff's Amended Complaint with prejudice and assessing costs against Plaintiff and (b) providing such other and further relief that this Honorable Court deems necessary and appropriate.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: _____
JohnNetta Johnson

                                              Assistant State's Attorney
                                              500 Richard J. Daley Center
                                              Chicago, Illinois 60602
                                              (312) 603-6299

## CERTIFICATE OF SERVICE

      Under penalties of perjury pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies as aforesaid that this DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT was caused to be served on all parties of record and on or before June 21, 2023, electronic mail, and U.S. mail at the address(es) identified below.

                                              /s/*JohnNetta Byers*
                                              JohnNetta Byers

**Service List:**

Christople Davis # R31569
Crossroads ATC
100 Hillcrest Road
East Moline, IL 61244                         By:    /s/ *JohnNetta Byers*
                                                                  JohnNetta Byers