# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Christople Davis, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 23C 4316 |
| Szul et. al, ) | |
| ) | Judge John Tharp, Jr. |
| Defendant. ) | |

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

**Recitals**

This Confidential Settlement Agreement and General Release (the "Agreement") is made between Christople Davis ("Plaintiff") and R. Szul, M. Hernadez, and M. Borrero (Defendants).

**Recitals**

1. On or about July 13, 2023, Plaintiff commenced a civil action against the Defendants captioned *Christople Davis v. Szul, et al.* in the United States District Court for the Northern District of Illinois, No. 23 CV 4316 (the" Litigation").

2. The Defendants denied liability.

3. Plaintiff and Defendants are collectively referred to as the "Parties" in this Agreement.

4. The parties agree to substitute Cook County in as the named Defendant and dismiss with prejudice Defendants, R. Szul, M. Hernandez, M. Borrero and Ms. Mack/McGonegal.

5. The Parties agreed to amicably settle and compromise the claims and defenses in the Litigation.

6. The Parties wish to memorialize the terms of their agreement and to do so in this document.

7. The Parties acknowledge that they entered into this Confidential Settlement Agreement and General Release voluntarily.

**Now, therefore**, for good and valuable consideration, adequacy, and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1. **Recitals.** The foregoing Recitals are expressly incorporated as part of the Agreement, and the Parties confirm and represent to one another that said Recitals are true and correct to the best of their knowledge, information and belief.

2. **No Admission of Liability.** This Agreement does not constitute an admission by either party of any wrongdoing. This Agreement is not and shall not be construed as an admission by Defendants or any former Defendant(s) of the truth of any allegation or the validity of any claim asserted in this lawsuit or of Defendants' liability. Furthermore, none of the terms of the Agreement may be offered or received in evidence or in any way referred to in any civil, criminal or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this Agreement.

3. **Payment and Form.** In consideration for the release of claims and execution of this Agreement, and in exchange for the promises, waivers and releases, including the **General Release**, set forth in this Agreement, the Plaintiff accepts the sum of $ [REDACTED] (the "Settlement Amount") in full and complete settlement of this lawsuit. Payment of the Settlement Amount will be made in the form of a check made payable to Christople Davis. The Settlement Amount represents the entire amount of the compromise settlement and the respective Parties acknowledge and agree that they are

solely responsible for paying any attorney's fees and costs incurred in the Litigation and that neither Party nor its attorneys will seek any award of attorney's fees or costs from the other party, except as expressly provided herein.

4. **General Release.** In consideration for the payment herein provided, Plaintiff, to the maximum extent permitted by law, for himself, his heirs and personal representatives, fully and forever releases, acquits and discharges Defendants and any former defendants, their agents, employees and former employees, either in official or individual capacities, from any and all actions, suits, debts, sums of money, accounts and all claims and demands of whatever nature, in law or in equity, including but not limited to any and all claims for Constitutional, federal law or state law violations against Plaintiff, and/or any taken, damaged, disposed of, or destroyed property, and any costs accrued arising out of Plaintiff's interaction with Cook County, the Cook County Sheriff, and/or any current or former employees or agents of Cook County, the Cook County Sheriff, and/or any person, agent or entity which Cook County is legally responsible to indemnify arising out of Plaintiff's allegations which are the subject the Litigation in the United States District Court for the Northern District of Illinois, Eastern Division. Furthermore, in consideration for the payment herein provided, Plaintiff, to the maximum extent permitted by law for himself, his heirs, assigns and legal representatives, fully and forever releases any and all actions, claims, demands or suits which he, or his heirs, assigns, or legal representatives, may heretofore or hereafter have had, including but not limited to all actions, suits, debts, sums of money, accounts and all claims and demands of whatever nature, in law or in equity, including but not limited to any and all claims for Constitutional violations, federal or state law claims, injunctive relief claims, and/or any

taken, damaged, disposed of, or destroyed property claims, as well as any other such claims against Cook County, the Cook County Sheriff, the Cook County Health and Hospitals System any current or former employees or agents thereof, and/or any employee, agent or entity which Cook County in required to indemnify that may have been brought in connection with any incident or incidents that occurred at any point from the beginning of time until the execution date of this Agreement by all of the parties. **THIS IS A GENERAL RELEASE.**

5. **Exclusion from General Release.** Excluded from the General Release described in Paragraph 4 is Plaintiff's pending lawsuit *Christople Davis v. Dart*, 23 CV 4321, *Christople Davis v. Gates,* 23 CV 4319, which was filed in the Northern District of Illinois. Additionally, *Christople Davis v. Taiwo* 23L011994 and *Christople Davis v. Briggs* 23L010369 are also excluded from the General Release described in Paragraph 4.

6. **Plaintiff's ownership in claim.** Plaintiff represents and warrants that he is the sole and lawful owner of all rights, title, and interests in and to every claim and other matter which he purports to release herein, and that he has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. Plaintiff shall indemnify Defendant or former Defendants, and any of their current or former employees or agents, whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein. Any costs related to the filing or bringing of this lawsuit are solely the responsibility of Plaintiff.

7. **Tax Consequences.** Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of Plaintiff. The Parties hereto acknowledge and agree, however, that this settlement is intended to compensate Plaintiff for constitutional claims and not lost wages, profits, or other income arising out of or relating to the Lawsuit. Notwithstanding the foregoing, such claims arising out of or relating to the Lawsuit are fully and completely released hereby.

8. **Medicare.** This settlement is based upon a good faith determination of the parties to resolve a disputed claim. The parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). Moreover, the parties have determined and concur that a Medicare Set Aside Arrangement for future medical treatment and prescription drugs is not necessary as a result of the incident complained of in the Litigation, and no monies are allocated for future medical treatment resulting from this incident. The parties resolved this matter in compliance with both state and federal law. Any monies owed to Medicare are exclusively the responsibility of Plaintiff.

9. **Entirety of Agreement.** This Agreement contains the entire agreement between the Parties. Plaintiff acknowledges and agrees that no promise or representation not contained in this agreement has been made to him, and he acknowledges and represents that this Agreement contains the entire understanding between the Parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Agreement reflect any agreed upon purpose other than the desire of the Parties to reach a full and final conclusion of the litigation without further expense.

10. **Confidentiality.** Plaintiff further agrees that this Agreement, as well as the nature and terms of this settlement and the subject matter thereof, will be forever treated as confidential and the Plaintiff shall make no disclosure or reference to the terms of this Agreement to any person or entity, except to the Plaintiff's attorneys, and, as necessary, tax providers, provided that each such person agrees to be bound by the confidential nature of this Agreement. The Plaintiff and Plaintiff's counsel may also make such disclosures pursuant to court or administrative order, subpoena, or as otherwise may be required by law. The Plaintiff acknowledges and agrees that Plaintiff's promise to maintain the confidentiality of the Agreement is an important element of the consideration and inducement of the Defendant(s) to enter into this Agreement.

11. **Modification.** This Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the Parties, nor shall any provision hereof be waived other than by a written waiver, signed by the Parties.

12. **Binding.** This Agreement shall be binding upon and inure to the benefit of Plaintiff and Defendant and their respective heirs, executors, successors, assigns, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

13. **Severable.** The provisions of this Agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

14. **Opportunity to Review.** Plaintiff acknowledges that he reviewed this document with his/her attorneys and acknowledges that he understands the contents thereof, and executed

this Agreement of his own free act and deed. The undersigned represent that they are fully authorized to enter into and bind the Parties to this Agreement.

15. **Counterparts.** This Agreement may be executed in two or more identical counterparts, all of which constitute one and the same Agreement. Facsimile or other electronically-transmitted signatures on this Agreement shall be deemed to have the same force and effect as original signatures.

IN WITNESS THEREOF, the Parties have executed this Confidential Settlement Agreement and General Release effective this 23 day of April, 2024.

**AGREED TO AND ACCEPTED BY:**

(without prejudice)
*Christople Davis*

**CHRISTOPLE DAVIS**
Plaintiff

**DEFENDANT**
By: Johnnetta Byers
Assistant State's Attorney
Counsel R. Szul, M. Hernandez, and M. Borrero

Dated: 4/23/24

Dated: _____