IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christople Davis,<br><br>          Plaintiff,<br><br>    v.<br><br>Cagbabuana et al.,<br><br>          Defendants. | Case No. 23 cv 06556<br><br>Judge John J. Tharp, Jr |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES Defendant COUNTY OF COOK ("Defendant")[1], by its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, JOHNNETTA BYERS, and moves for a judgment on the pleadings as to Plaintiff Christople Davis's ("Plaintiff") Complaint (Dkt. No. 8). In support thereof, Defendant states as follows:

**INTRODUCTION**

On August 29, 2023, Plaintiff filed this lawsuit against Officer Cagbabuana, asserting claims of excessive force, failure to protect and negligent acts or omissions which stemmed from an event alleged to have occurred from July 20, 2023 to July 21, 2023.[2] (Dkt. No. 8.) Defendant is in for indemnification purposes only. (Dkt. No. 7 at 3.) However, on April 23, 2024, Plaintiff signed a settlement agreement with a general release for any and all claims against Defendant, including the claims from this lawsuit, and therefore, he cannot proceed with his claims against Defendant. *See* Settlement Agreement in *Davis v. Szul et. al,* 23 C 4316, attached hereto as Exhibit

---

[1] For purposes of this motion only Officer Cagbabuana is joined in the motion for judgment on the pleadings.

[2] Plaintiff alleges Cook County Sheriff's Officer Cagbabuana intentionally left Plaintiff handcuffed in his cell overnight from 6 P.M. on July 20 until 8:45 A.M. on July 21 of 2023. (23-cv-06556, Dkt. No. 8 ¶ 22.)

1

A. Additionally, this instant lawsuit is not of those specifically excluded from Plaintiff's general release. Ex. A at 4.

According to Plaintiff's settlement agreement, Plaintiff agreed to the following:

"Furthermore, in consideration for the payment herein provided, Plaintiff, to the maximum extent permitted by law for himself, his heirs, assigns and legal representatives, fully and forever releases any and all actions, claims, demands or suits which he, or his heirs, assigns, or legal representatives, may heretofore or hereafter have had, including but not limited to all actions, suits, debts, sums of money, accounts, and all claims and demands of whatever nature, in law or in equity, including but not limited to any and all claims for Constitutional violations, federal or state law claims, injunctive relief claims, and/or any taken, damaged, disposed of, or destroyed property claims, as well as any other such claims against ***Cook County***, ***the Cook County Sheriff***, the Cook County Health and Hospitals System ***any current or former employees thereof, and/or any employee, agent, or entity which Cook County i[s] required to indemnify that may have been brought in connection with any incident or incidents that occurred at any point from the beginning of time until the execution date of this Agreement*** by all of the parties. **THIS IS A GENERAL RELEASE.**"

(Ex. A ¶ 4) (emphasis added). Based on this language, Plaintiff released his constitutional claims against Defendant in this case because the allegations occurred prior to the execution of the settlement agreement and general release, and the lawsuit was filed prior to Plaintiff signing the settlement agreement and general release.

This Court should therefore enter judgment on the pleadings in favor of Defendant as to Plaintiff's Complaint and dismiss this lawsuit with prejudice because it is barred by a prior settlement agreement and release. Defendant further requests this dismissal count as one of Plaintiff's allotted three dismissals under 28 U.S.C. § 1915(g).

## STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, after an answer has been filed, a party may move for judgment. Fed. R. Civ. P. 12(c). Rule 12(c) allows a judgment based on the pleadings alone, which include the complaint, the answer, and any written instruments attached as

exhibits. *Northern Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Granting of a Rule 12(c) motion is appropriate "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Id*. (internal quotes and citations omitted). Importantly, a court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id*. (internal quotes and citations omitted).

**ARGUMENT**

Whether a plaintiff signed a release waiving the right to make a claim may be properly resolved on a motion for judgment on the pleadings. *See Rodgers v. Cartage Co.*, 794 F.3d 854, 860 (7th Cir. 2015) (no reversible error in dismissing complaint under Rule 12 based on settlement agreement where the language was undisputed, the plaintiff did not identify evidence that would have any bearing on the motion, and the agreement was unambiguous).

Illinois law governs the construction of the settlement agreement. *Heard v. Tilden*, 809 F.3d 974, 979 (7th Cir. 2016). Under Illinois law, a settlement is valid if there is an offer, acceptance, and a meeting of the minds. *Elustra v. Mineo*, 595 F.3d 699 (7th Cir. 2010); *Lampe v. O'Toole*, 292 Ill. App. 3d 144, 146 (2nd Dist. 1997) (an offer, an acceptance, and a meeting of the minds on terms was sufficient to create a contract). "A settlement agreement is considered a contract, and construction and enforcement of settlement agreements are governed by principles of contract law." *Cannon v. Burge*, 752 F.3d 1079, 1088 (2014). Moreover, "the construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally." *Laserage Technology Corp. v. Laserage Laboratories, Inc.*, 972 F.2d 799, 802 (7th Cir. 1992). Because the settlement agreement and release were created and executed in Illinois and nothing in the agreement requires the application of another State's law, Illinois

3

contract law governs any dispute over this contract. *See Beverly v. Abbott Labs.*, 817 F.3d 328, 2016 U.S. App. LEXIS 4799, *6 (7th Cir. March 16, 2016) (recognizing that "State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements."). In Illinois, the basic elements of a valid contract are an offer, an acceptance, and consideration. *Melena v. Anheuser-Busch, Inc.*, 219 Ill. 2d 135, 151, 847 N.E.2d 99, 301 Ill. Dec. 440 (Ill. 2006). Furthermore, when a contract is unambiguous on its face, "the intent of the parties must be construed without consideration of parol evidence." *Cannon*, 752 F.3d at 1091. A contract is considered ambiguous "if it is capable of being understood in more than one sense." *Id.* at 1989. Moreover, a unilateral mistake is insufficient to invalidate an agreement compromising and settling a disputed claim. *Turner v. Cosmopolitan National Bank*, 180 Ill. App. 3d 1022, 1030, 536 N.E. 2d 806 (Ill. App. 1st Dist. 1989). A general release "is valid as to all claims of which a signing party has actual knowledge or that he could have discovered upon reasonable inquiry." *Fair v. Int'l Flavors & Fragrances, Inc.*, 905 F.2d 1114, 1116 (7th Cir. 1990).

Here, Defendant does not dispute the authenticity of the settlement agreement in *Davis v. Szul et. al,* 23 C 4316, which was signed by Plaintiff on April 23, 2024. The terms of the settlement agreement and general release are unambiguous. (Ex. A.) Accordingly, the Court may consider this settlement agreement and general release at the pleading stage.

Plaintiff agreed to "fully and forever release any and all actions, claims, demands, or suits which he… may heretofore or hereafter have had, including but not limited to…any and all claims for Constitutional violations…as well as any other such claims against Cook County, the Cook County Sheriff, the Cook County Health and Hospitals System [or] any current or former employees or agents thereof…**that may have been brought in connection with any incident or incidents that occurred at any point from the beginning of time until the execution date of**

4

**this Agreement by all parties**" as of April 23, 2024. (Ex. A ¶ 4) (emphasis added). Plaintiff's Complaint in the instant lawsuit asserts allegations based on incidents that occurred, at the latest, on July 21, 2023, was originally filed on August 29, 2023 and accepted by the Court on September 1, 2023. (Dkt. Nos. 1, 7, 8.) Therefore, Plaintiff released any and all claims he had against Defendant, the Cook County Sheriff, or any of its agents or employees, including Officer Cagbabuana, that occurred before April 23, 2024—including the alleged incidents that form the basis of Plaintiff's Complaint. (Dkt. No. 8.) Defendant properly asserted this affirmative defense in his answer to Plaintiff's Complaint and attached the settlement agreement and general release as an exhibit. (Dkt. No. 30 at 15, 30-1.) Thus, Plaintiff's claims are barred by, and released pursuant to the terms of the settlement agreement and general release agreed to by the parties in *Davis v. Szul et. al,* 23 C 4316. (Ex. A.)

Finally, Plaintiff had actual knowledge of the general release because he read and understood the terms of the release before he signed it. Paragraph 14 of the settlement agreement states that "Plaintiff acknowledges that he reviewed this document and acknowledges that he understands the contents thereof and executed this Agreement of his own free act and deed." (Ex. A ¶14.) Accordingly, Plaintiff expressly agreed that he read the general release, understood it, and agreed to its terms by signing the agreement on April 23, 2024. There is no excuse that Plaintiff did not understand or read the settlement agreement. Indeed, Plaintiff demonstrates clear capabilities of reading and comprehending through previous court filings on the docket. In any event, Plaintiff's failure to read the specific terms in the settlement agreement before execution is no excuse. *See Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) (a pro se litigant's failure to read the law is no excuse). Moreover, Plaintiff specifically excluded other lawsuits from applying to the general release in the settlement agreement, but he did not include

5

the instant lawsuit in that list of cases. (Ex. A ¶ 5.) Therefore, because Plaintiff previously released the claims he attempts to assert in the case at bar, judgment should be entered in favor of Defendant as to these claims and this Court should dismiss this lawsuit with prejudice.

## CONCLUSION

WHEREFORE, Defendant, for all the foregoing reasons, respectfully requests this Honorable Court to grant Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and enter judgment in favor of Defendant as to Plaintiff's Complaint, with costs and any other relief this Court deems appropriate. Additionally, Defendant further requests this dismissal count as one of Plaintiff's allotted three dismissals under 28 U.S.C. § 1915(g).

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Johnnetta Byers*
Johnnetta Byers
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5439
johnnetta.byers@cookcountyil.gov

## CERTIFICATE OF SERVICE

Under penalties of perjury pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies as aforesaid that this DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT was caused to be served on all parties of record and on or before June 21, 2023, electronic mail, and U.S. mail at the address(es) identified below.

/s/*JohnNetta Byers*
JohnNetta Byers

**Service List:**

Christople Davis # R31569
Crossroads ATC
100 Hillcrest Road
East Moline, IL 61244

By:   /s/ *JohnNetta Byers*
JohnNetta Byers