# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Christople Davis | ) | |
| | ) | |
| Plaintiff, | ) | 23 C06556 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Judge John J. Tharp, Jr |
| Cagbabuana, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C)

NOW COMES Defendant, Cook County, ("Defendant") by their attorney Kimberly Foxx, State's Attorney of Cook County, through her assistant, JohnNetta Byers, and in support of this Motion for Judgment on the Pleadings the pursuant to Fed. R. Civ. P. 12(c), replies as follows:

## INTRODUCTION

On June 20, 2024, Defendant Answered Plaintiff's Complaint, with Affirmative Defenses, asserting that Plaintiff's cause of action is barred due to his prior execution of a General Release of all claims signed on April 23, 2024, in the case of "*Christople Davis v. Szul et. al,*" Case No. 23 C 4316 (hereinafter "*Davis v. Szul*"). [Dkt. 30-1]. Plaintiff's allegations in this matter occurred on July 20, 2023, and July 21, 2023, nearly 9 months prior to the execution of the Agreement and General Release. Accordingly, Plaintiff's claims are barred.

In his Response in Opposition to the Motion for Judgment on the Pleadings, Plaintiff argues that 1.) the Agreement was not intended to be a general release of any pending case; and 2.) Undersigned counsel had knowledge of pending case Christople *Davis v Cagbabuana*, 23 C 6556. Plaintiff, an avid litigator, has presented no facts or evidence that provides a basis for his

assertion that he should not be bound by the unambiguous General Release that bears his signature, therefore, Defendant's motion should be granted.

## ARGUMENT

A motion for judgment on the pleadings depends on the content of the pleadings alone. *N. Ind. Gun & Outdoor Shows, Inc., v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The pleadings include the complaint, the answer, and any written instruments attached as exhibits such as affidavits, letters, contracts, and loan documents." *Id*. at 452-453. Dismissal of a complaint is appropriate where a defendant asserts an affirmative defense that defeats the claim against it. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

**I. The Agreement is a General Release of All Claims with the Exception of *Davis v. Gates*, 23 C 4319, *Davis v. Dart*, 23 C4321, *Davis v. Taiwo*, 23L011994 and *Davis v. Briggs*, 23L010369**

A general release is "valid as to all claims of which a signing party has actual knowledge or that he could have discovered upon reasonable inquiry." *Fair v. Int'l Flavors & Fragrances, Inc.*, 905 F.2d 1114, 1116 (7th Cir. 1990).

In Illinois, the words of a contract must be interpreted with their common and generally excepted meanings. *Darvosh v. Lewis*, 66 F. Supp. 3d 1130 (N.D. Ill. 2014)(Castillo, J.). Where the terms of a release are clear and explicit, the court must enforce them as written. *Rakowski v. Lucente*, 104 Ill. 2d 317, 323 (Ill. 1984). Courts must enforce agreements as written, interpreting the meaning of the agreement and the intent of the parties through the language within the four corners of the document. *Cannon v. Burge*, 752 F.3d 1079, 1088 (7th Cir. 2014). Courts should "not strain to find an ambiguity where none exists." *Williams v. Tucker,* 2013 U.S. Dist. LEXIS 90974, at * 8 (N.D. Ill., 2013).

Under established legal principles, where a General Release includes an express list of exceptions, omitting a claim from that list defeats the argument that the claim was not released. See *Kessler v. Superior Care, Inc.*, 1988 U.S. Dist. LEXIS 10682, *18 (N.D. Ill., 1988). A rule 12(c) Motion is the appropriate vehicle for a motion asserting that a prior settlement agreement releases the plaintiff's claims. *ADM All. Nutrition, Inc., v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 745-746 (7th Cir. 2017).

A.   **Plain Reading of the Agreement Unequivocally Bars Plaintiff's Current Lawsuit**

Plaintiff begins his argument by asserting that he only made a settlement agreement for *Davis v. Szul*, and all prior claims that he had pending can proceed. (Dkt. 37 at pg. 2). The settlement agreement in that case included a General Release of Claims, with the exclusion of four cases which were explicitly discussed and incorporated into the settlement agreement. (Dkt. 30-1). The exclusions included *Davis v. Gates*, 23 C 4319, *Davis v. Dart,* 23 C4321, *Davis v. Taiwo*, 23L011994 and *Davis v. Briggs*, 23L010369. No other cases were carved out from the General Release. Plaintiff was then mailed the original settlement agreement. After reviewing the settlement agreement which contained the general release, Plaintiff signed the settlement agreement and mailed it back to undersigned counsel.

The language of the Settlement Agreement in the General Release clause in its entirety reads as follows:

> 4. Plaintiff for himself fully and forever releases, **acquits and discharge** Defendants, **their agents, employees and former employees either in official or individual capacities, from any and all actions**, suits, debts, sums of money, accounts and all claims and demands of whatever nature, in law or in equity, including but not limited to any and all claims **for Constitutional, federal law or state law violations against Plaintiff, and/or any taken, damaged, disposed of, or destroyed property, and any costs accrued** arising out of Plaintiff's allegations which are the subject of the litigation in the United States District Court for the Northern District of Illinois, Eastern Division.
> [Dkt. 30-1 ¶4] **(emphasis added to reinserted language)**

Indeed, under Illinois law, "the phrase 'including but not limited to,' … signals a broad release." *Darvosh,* 66 F. Supp. 3d at 1135 However, should there be any remaining question on the issue, the full and complete release of "any and all" claims in Paragraph 4, the carve-out exception in Paragraph 5 bolsters the expansive and all-encompassing nature of the prior paragraph, stating:

> 5. Excluded from the General Release described in paragraph 4 is Plaintiff's pending lawsuit *Christople Davis v. Dart*, 23 C4321, *Christople Davis v. Gates*, 23 C 4319, which is filed in the Northern District of Illinois. Additionally, *Davis v. Taiwo*, 23L011994 and *Christople Davis v. Briggs*, 23L010369 are also excluded from the General Release described in Paragraph 4.
> (Dkt. 30-1 ¶5).

This paragraph describes the <u>four</u> exceptions to the General Release in the Agreement. Plaintiff provides no explanation as to why he would have negotiated to include those carve-out exceptions but does not request an exception for *Davis v. Cagbabuana*, 23-cv-06556. Plaintiff argues that he only intended to settle *Davis v. Szul* but Plaintiff fails to inform the court that Plaintiff reviewed the settlement agreement with undersigned counsel, this includes the exclusions contained in paragraph 5. Plaintiff was then mailed the settlement agreement for his review and signature.

Plaintiff argues that the instant case was included in his interrogatory responses, in *Davis v. Gates,* 23-cv-4319, (Dkt. 37 at pg. 2), but Plaintiff signed the settlement agreement on April 23, 2024 (Dkt. 30-1), and did not respond to the interrogatories, until April 30, 2024. Moreover, undersigned counsel did not file her appearance in this case until May 15, 2024. (Dkt. 24). Plaintiff further argues that he was under the assumption that all his pending claims will not be released, but Plaintiff has failed to argue why he would have had such an assumption when he had the original settlement agreement in his possession which only included the carve out for the four above referenced cases. The language of the Agreement is unambiguous, and "a party need

4

not enumerate the specific claims [the party] is waiving in a general release" *Hampton v. Ford Motor Co.*, 561 F.3d 709, 716 (7th Cir. 2009). Plaintiff, upon his review of the settlement agreement, acknowledged that he reviewed the settlement agreement and signed the agreement with a wet signature and mailed it back to the undersigned attorney.

Plaintiff is an avid litigator who has filed numerous lawsuits. He does not struggle with reading or writing nor was that alleged. Plaintiff clearly had an opportunity to review the document as expressed in the settlement agreement:

> 14. Plaintiff acknowledges that he reviewed this document…and acknowledges that he understands the content thereof and executed this agreement of his own free act and deed. The undersigned represent that they are fully authorized to enter into and bind the Parties to this agreement. (Dkt. 30-1).

Accordingly, Defendant's Motion should be granted.

## CONCLUSION

WHEREFORE, because Plaintiff's cause of action was unquestionably released when he agreed to the terms of the General Release of All Claims except for the aforementioned four cases, which he negotiated. Defendant request this Honorable Court enter an order granting Defendant's Motion, dismissing Plaintiff's Complaint with prejudice, and any such other relief as this Court deems fair and just.

Respectfully submitted,

KIMBERLY FOXX
State's Attorney of Cook County

By: */s/ JohnNetta Byers*
JohnNetta Byers
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL  60602
JohnNetta.Byers@cookcountysao.org

*Attorney for Cook County*

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents on August 15, 2024, and by depositing the same in the U.S. Mail on this date addressed to the person below:

Christople Davis
R31569
Statesville Correctional Center
16830 IL-53
Crest Hill, Il 60403

*/s/ JohnNetta Byers*
JohnNetta Byes