IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Christople Davis (R31569), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23 C 6556 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| Cagbabuana, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court grants Defendant Cook County's motion for judgment on the pleadings [31] and Defendant Cagbabuana's motion to dismiss [34] for the reasons discussed below. The Clerk of Court is directed to enter a final judgment of dismissal with prejudice. The parties to bear their own fees and costs. This case is closed.

**STATEMENT**

Plaintiff Christople Davis initiated this civil action under 42 U.S.C. § 1983 concerning Correctional Officer Cagbabuana's purported use of force at the Cook County Jail in July 2023. Defendants Cook County and Cagbaguana argue in separate motions that this case should be dismissed because Plaintiff released the claims he seeks to bring in this lawsuit when he executed a settlement agreement in *Davis v. Szul*, No. 23 C 4316 (N.D. Ill.). Cook County raised release as an affirmative defense. *See* Dkt. 30. Cagbabuana has not yet answered Plaintiff's complaint but, instead, filed a motion to dismiss based on release.[1]

**I.     The Release**

Plaintiff initiated several cases in this Court in 2023. In April 2024, he entered into a settlement agreement in one of those cases, *Davis v. Szul*, No. 23 C 4316 (N.D. Ill.). To facilitate settlement, he executed a document titled Confidential Settlement Agreement and General Release (the "Agreement") prepared by defense counsel. *See* Dkt. 30-1[2] By signing the Agreement, Plaintiff acknowledged that "no promise or representation not contained in this agreement has been made to him" and that "[n]o statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced[.]" *Id.* ¶ 9. He also acknowledged that the

---

[1] A party should assert release as an affirmative defense and then file a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Raising release in a motion to dismiss, however, is harmless when all the facts necessary to rule on the defense are properly before the Court. *ADM Alliance Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 745-46 (7th Cir. 2017).

[2] The Settlement Agreement is attached to Defendant's Answer rather than to Defendant's Motion for Judgment on the Pleadings.

Agreement contained the "entire agreement" between him and the defendants to *Davis v. Szul*. *Id.* In addition, Plaintiff acknowledged that he reviewed the Agreement, understood the Agreement, and "executed this Agreement of his own free act and deed." *Id.* ¶ 14.

With respect to the general release that is the subject of Defendants' motions in this case, paragraph 4 of the Agreement provides:

> [I]n consideration for the payment herein provided, Plaintiff, to the maximum extent permitted by law for himself, his heirs, assigns and legal representatives, fully and forever releases any and all actions, claims, demands or suits which he, or his heirs, assigns, or legal representatives, may heretofore or hereafter have had, including but not limited to all actions, suits, debts, sums of money, accounts and all claims and demands of whatever nature, in law or in equity, including but not limited to any and all claims for Constitutional violations, federal or state law claims, injunctive relief claims, and/or any taken, damaged, disposed of, or destroyed property claims, as well as any other such claims against Cook County, the Cook County Sheriff, the Cook County Health and Hospitals System any current or former employees or agents thereof, and/or any employee, agent or entity which Cook County is required to indemnify that may have been brought in connection with any incident or incidents that occurred at any point from the beginning of time until the execution date of this Agreement by all of the parties. **THIS IS A GENERAL RELEASE.**

Paragraph 5 provides exceptions to the general release:

> **Exclusion from General Release.** Excluded from the General Release described in Paragraph 4 is Plaintiff's pending lawsuit *Christople Davis v. Dart*, No. 23 CV 4321, *Christople Dais v. Gates*, No. 23 CV 4319, which was filed in the Northern District of Illinois. Additionally, *Christople Davis v. Taiwo* 23 L011994 and *Christople Davis v. Briggs* 23 L010369 are also excluded from the General Release described in Paragraph 4.

Plaintiff executed the Agreement on April 23, 2024.[3] The facts giving rise to the present case—*Davis v. Cagbabuana*, No. 23 C 6556 (N.D. Ill)—occurred in July 2023.

## II. Discussion

"A release is a contract wherein a party relinquishes a claim to a person against whom the claim exists" and "is subject to the rules governing the construction of contracts." *Darvosh v.*

---

[3] The copy of the settlement agreement provided by Defendants was executed only by Plaintiff. The defendants in *Davis v. Szul*, however, represented in a June 12, 2024 status report that the Agreement was fully executed on April 23, 2024. *See Davis v. Szul* at Dkt. 81. The defendants also reported on August 15, 2024, that Plaintiff had received the settlement proceed. *Id.* at Dkt. 87.

*Lewis*, 66 F. Supp. 3d 1130, 1134 (N.D. Ill. 2014) (quoting *Carona v. Ill. Cent. Gulf R. Co.*, 561 N.E.2d 239, 242 (Ill. App. Ct. 1990)). Illinois law governs the interpretation of contracts executed in Illinois. *See Cannon v. Burge*, 752 F.3d 1079, 1088 (7th Cir. 2014).

Illinois law instructs that a court "must interpret the words of the contract with their common and generally accepted meanings and must construe the words of the contract within the context of the contract as a whole." *Darvosh*, 66 F. Supp. 3d at 1134 (quoting *William Blair & Co. v. FI Liquidation Corp.*, 830 N.E.2d 760, 770 (Ill. App. Ct. 2005) (internal quotation marks omitted)). "Where a written agreement is clear and explicit, a court must enforce the agreement as written," interpreting the meaning of the agreement as well as the intent of the parties with reference only to the language within the four corners of the written document. *See Cannon*, 752 F.3d at 1088 (collecting cases). If the agreement is ambiguous—that is, if the agreement is susceptible to more than one meaning—it is not subject to resolution as a matter of law. *Id.* at 1088-89; *Darvosh*, 66 F. Supp. 3d at 134 (citing *Thompson v. Gordon*, 948 N.E.2d 39, 47 (Ill. 2011)).

Plaintiff does not suggest that the terms of the Agreement he executed on April 23, 2024 are ambiguous, and they are not. Paragraph 4 of the Agreement clearly releases "any and all claims" Plaintiff had or may have against "Cook County, the Cook County Sheriff, . . . any current or former employees or agents thereof, and/or any employee, agent or entity which Cook County i[s] required to indemnify" that "occurred at any point from the beginning of time until the" date the Agreement was executed. The events giving rise to Plaintiff's claims in this case—*Davis v. Cagbabuana*, No. 23 C 6556 (N.D. Ill.)—occurred in July 2023—that is, before he executed the Agreement. Plaintiff therefore released his claims unless they were excepted from the Agreement.

Four then-pending lawsuits were excepted from the Agreement. Two of the cases were brought in state-court and do not appear to involve conduct by Officer Cagbabuana. The remaining two cases are pending in this Court: *Davis v. Dart*, No. 23 C 4321 (N.D. Ill.) (Tharp, J.) and *Davis v. Gates*, No. 23 C 4319 (N.D. Ill.) (Tharp, J.) The present case—*Davis v. Cagbabuana*, No. 23 C 6556 (N.D. Ill.)—does not appear in the list of cases excepted from release. Thus, the unambiguous language of the Agreement does not provide an exception from the release for this case.

Plaintiff seeks to avoid the consequences of the release by arguing that the Assistant States Attorney who negotiated the Agreement was aware of the existence of this case. *See* Dkt. 37, *Davis v. Cagbabuana*, No. 23 C 6556 (N.D. Ill.). Plaintiff therefore "was under the assumption . . . that all his pending claims" would not be released. *Id.* It was his understanding, instead, that only the claims in *Davis v. Szul* would be released. *Id.*

Plaintiff also contends that defense counsel "broke the verbal agreement we agreed upon that only a settlement on *Davis v. Szul* and that all my pending claims could proceed[.]" Dkt. 59, pg. 1. But Plaintiff's description of the negotiations between himself and defense counsel show that counsel said she could "do nothing about" *Davis v. Cagbabuana*. *See* Dkt. 92 in *Davis v. Szul*, No. 23 C 4316 (N.D. Ill.) Plaintiff also was not justified in relying on any such representation after the Agreement was reduced to writing. The exceptions to the general release in the Agreement are plain and easy-to-understand. Plaintiff's submissions in this case and others demonstrate that he

3

can read and understand legal documents despite his contentions that he "can't comprehend well" and suffers from mental health issues. Plaintiff also was aware that he and defense counsel had differing opinions on the scope of the general release. *See* Dkt. 93 in *Davis v. Szul*, No. 23 C 4619 (N.D. Ill.). Thus, he should have read the Agreement carefully before he signed it.

A "unilateral mistake about the effect of an unambiguous release [is] not sufficient ground to set aside the release." *Cannon*, 752 F.3d at 1092 (citing *Rakowski v. Lucente*, 472 N.E.2d 791, 794 (Ill. 1984)); *see also Badette v. Rodriguez*, 22 N.E.3d 1210, 1215 (Ill. App. Ct. 2014). Plaintiff represented when he signed the Agreement that he understood the Agreement. Dkt. 30-1 ¶ 14. He also represented that the Agreement contained the entire understanding between the parties, "no promise or representation not contained in this agreement has been made to him," and "[n]o statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced[.]" *Id.* ¶ 9. This means that, even though Plaintiff might have misunderstood the scope of the release, the Court must enforce the Agreement as written. *See Cannon*, 752 F.3d at 1088 (collecting cases). His purported misunderstanding does not constitute a basis for invalidating the Agreement. *See Badette*, 22 N.E.3d at 1215 ("A self-induced or unilateral mistake is not a valid reason to set aside an unambiguous release."); *Berecz*, 2015 WL 708910 at *3 (declining to invalidate settlement agreement based on the plaintiff's erroneous understanding of the agreement and her underestimation of damages when she signed the agreement).

"It is well established a general release is valid as to all claims of which a signing party has actual knowledge or that he could have discovered upon reasonable inquiry." *Fair v. Int'l Flavors & Fragrances, Inc.*, 905 F.2d 1114, 1116 (7th Cir. 1990) (collecting cases); *see also Badette*, 22 N.E.3d at 1216 ("it is well established that a general release will be given effect where the parties knew of an additional claim at the time of the signing of the release") (citing *Farm Credit Bank of St. Louis v. Whitlock*, 581 N.E.3d 664 (Ill. 1991)). Plaintiff presented no reason for the Court to disregard this precedent. The Court therefore finds that the Confidential Settlement Agreement and General Release executed by Plaintiff in *Davis v. Szul*, No. 23 C 4316 (N.D. Ill), bars the claims Plaintiff seeks to bring in this lawsuit.

### III. Conclusion

For the reasons stated above, Defendant Cook County's motion for judgment on the pleadings and Defendant Cagbabuana's motion to dismiss are granted. Final judgment will be entered. The parties to bear their own fees and costs. This case is closed.

Date: 11/4/2024  /s/ John J. Tharp, Jr.
John J. Tharp, Jr.
United States District Judge